UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RACHEL CONDRY, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>UNITEDHEALTH GROUP, INC., et al.,<br><br>    Defendants. | Case No. 17-cv-00183-VC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br><br>Re: Dkt. No. 48 |

      The Affordable Care Act requires health plans to provide coverage for certain preventative health care benefits, including preventive services specific to women. 42 U.S.C. § 300gg-13 (stating that health insurers "shall, at a minimum provide coverage for and shall not impose any cost sharing requirements for . . . (4) with respect to women, such additional preventative care and screenings . . . as provided for in comprehensive guidelines supported by the Health Resources and Services Administration[.]"). One service the plans must cover under these guidelines is "[c]omprehensive lactation support and counseling, by a trained provider during pregnancy and/or in the postpartum period[.]" U.S. Dep't of Health and Human Services, *Women's Preventative Services Guidelines*, http://hrsa.gov/womensguidelines.

      Plans must provide these services without imposing "cost sharing" on plan participants. Cost sharing includes "a copayment, coinsurance, or a deductible." 29 C.F.R. § 2590.715-2713(a)(1). In providing "coverage," plans do not need to maintain a network of providers of lactation counseling. But if the plan does not provide the service in-network, it cannot impose cost sharing when participants in the insurance plan receive services from out-of-network providers. 45 C.F.R. § 147.130(a)(3). In other words, those services must be fully reimbursed.

In addition to providing coverage, plans must provide information to participants about the providers in their networks. *See* 45 C.F.R. § 147.200(a)(2)(i)(K) ("For plans and issuers that maintain one or more networks of providers, [the Summary of Plan Benefits must include] an Internet address (or similar contact information) for obtaining a list of network providers."); 45 C.F.R. § 156.230(b)(2) (requiring more recent plans on insurance marketplaces to "publish an up-to-date, accurate, and complete provider directory, including information on . . . specialty . . . in a manner that is easily accessible to plan enrollees").

The plaintiffs have adequately alleged a violation of the Affordable Care Act for failure to provide coverage for lactation counseling. They allege that the defendants have not established networks of lactation counselors or covered out-of-network lactation counseling as required by the Affordable Care Act. *See, e.g.*, First Am. Compl. ¶¶ 83-84, 86-88. And they allege that, to the extent the defendants sometimes may have in-network providers who offer lactation counseling services, it is impossible to identify those people. *See, e.g.*, *id.* ¶¶ 83-85, 98, 129.

For example, plaintiff Jance Hoy allegedly got a less than 15-minute consultation during her time in the hospital immediately following childbirth, and was told by a UHC Services representative that "any outpatient lactation services were not necessarily required to be covered by the ACA." *Id.* ¶¶ 97, 99. She details a frustrating and confusing process for making claims and disputing denials of coverage for lactation counseling. *Id.* ¶¶ 102-108.

Similarly, Laura Bishop allegedly couldn't get time with the hospital lactation counselor after leaving the hospital and couldn't find an in-network lactation counselor on UHC Services's website. *Id.* ¶¶ 127, 129. When she finally managed to get a private appointment with the hospital lactation counselor, she was denied reimbursement for the service (even though the service appears to have been covered when Bishop was in the hospital). *Id.* ¶¶ 130-133.

Felicity Barber, after submitting a claim for reimbursement for seeing a lactation counselor to whom she was referred by her pediatrician, was allegedly told that her "'plan d[id] not cover this non-medical service or personal item.'" *Id.* ¶ 138. When she appealed the denial

of the claim, she was allegedly told that the claim "'was processed correctly'" because "'[t]his service is not covered by the health benefit plan.'" *Id.* ¶ 139.

In response to all this, the defendants make two related arguments. First, they argue that a plan complies with the Affordable Care Act if some providers in the plan's network offer lactation counseling services, even if the availability of those services is not communicated to plan participants. Second, they argue that a plan complies with the statute so long as it has at least one provider of lactation counseling services, no matter how far that provider is from the patient, and no matter how difficult it is to identify and get an appointment with that provider. The defendants argue that the complaint evinces the existence of at least some in-network lactation counseling (for example, Hoy's 15-minute session in the hospital shortly after she gave birth), and argue that this type of minimal availability proves compliance with the statute.

These arguments are absurd. *Arizona State Bd. for Charter Sch. v. U.S. Dep't of Educ.*, 464 F.3d 1003, 1008 (9th Cir. 2006) ("[W]ell-accepted rules of statutory construction caution us that 'statutory interpretations which would produce absurd results are to be avoided.'" (quoting *Ma v. Ashcroft*, 361 F.3d 553, 558 (9th Cir. 2004))). The Affordable Care Act requires plans to provide "coverage." 42 U.S.C. § 300gg-13. There is no "coverage" for a service if a patient can't find the service or isn't told that the service is available. Certainly there is no "coverage" if a patient is told that a service is *not* covered, which is a reasonable inference about what allegedly happened to at least some of the plaintiffs in this case. Nor is there "coverage" for a service like lactation counseling if a woman and her child live hundreds of miles from the nearest in-network provider. The service must be available in a meaningful way for the plan to comply with the Affordable Care Act. The precise contours of this requirement as applied to lactation counseling services can be explored at summary judgment, but for now, the complaint adequately alleges that the defendants failed to provide meaningful coverage for these services.

It's true, as the defendants note, that some of the individual plaintiffs do not describe in the complaint the efforts they made to find an in-network provider of lactation counseling services. From this omission, the defendants infer that these plaintiffs merely made a personal

choice to seek out-of-network services. But the complaint must be read as a whole, and reasonable inferences must be drawn in favor of the plaintiffs at this stage. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 (2007). Overall, the complaint tells a story of a failure by the defendants to make lactation counseling services meaningfully available to plan participants, rather than a story about patients choosing to go out of network despite the ready availability of in-network services.[1]

The motion to dismiss Counts II-VI of the First Amended Complaint is denied to the extent it turns on the plaintiffs asserting a plausible violation of the Affordable Care Act's requirements.

The defendants' remaining contentions require less discussion:

- The parties' arguments about the processing of claims and appeals turn on disputes of fact that cannot be resolved at the pleadings stage. *See* First Am. Compl. ¶ 11(C); *Booton v. Lockheed Med. Ben. Plan*, 110 F.3d 1461, 1463 (9th Cir. 1997).

- The defendants read Count III in the amended complaint too narrowly. It is true that the claim is titled "Co-Fiduciary Breach and Liability for Knowing Breach of Trust." But this claim is not confined to formal co-fiduciary liability under 29 U.S.C. § 1105(a). *See Johnson v. City of Shelby*, 135 S. Ct. 346, 346 (2014) ("Federal pleading rules . . . do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted."). It encompasses the range of situations in which a co-fiduciary or non-fiduciary on a plan may be liable for a breach of fiduciary duty – in this case, for failing to

---

[1] A list of answers to frequently asked questions prepared jointly by the Departments of Labor, Health and Human Services, and the Treasury says that insurance plans and issuers are required to provide a separate list of lactation counseling providers. *FAQs About Affordable Care Act Implementation (Part XXIX) and Mental Health Parity Implementation*, at 2 (Oct. 23, 2015). The parties disagree about the deference due to these frequently asked questions. But even if no deference is due to this guidance, the plaintiffs state a claim based on the alleged failure of the online tool to identify lactation counseling services providers at all.

provide lactation counseling services without cost sharing. First Am. Compl. ¶¶ 83-87. This is consistent with the broad scope of potential ERISA liability. *See Harris Trust & Sav. Bank v. Solomon Smith Barney, Inc.*, 530 U.S. 238, 239 (2000). And it is consistent with the facts alleged in the complaint, which suggest a complicated interrelationship among the defendants.

- It seems as though the plaintiffs may be able to state a claim for sex discrimination. *See* 42 U.S.C. § 18116(a). But they have not alleged facts in the complaint sufficient to state a claim. In particular, to the extent that the plaintiffs are pursuing a disparate impact claim, it is not evident from the complaint what facially neutral policy the plaintiffs are challenging. *See Gomez v. Quicken Loans, Inc.*, 629 F. App'x 799, 802 (9th Cir. 2016). The motion to dismiss the sex discrimination claim is granted with leave to amend.

- The plaintiffs who had ERISA plans do not oppose granting the motion to dismiss their state tort claims based on ERISA preemption. *See Cleghorn v. Blue Shield of Cal.*, 408 F.3d 1222, 1225 (9th Cir. 2005). Those claims are dismissed for all of the plaintiffs except for Carroll. Because any state tort claim on these facts would be preempted, the dismissal is without leave to amend.

- The motion to dismiss the breach of contract and unjust enrichment claims is denied as to Carroll. With respect to both claims, it appears from the complaint that Carroll is not trying to create a private right of action under the Affordable Care Act but rather to enforce her own rights in contract and quasi-contract. *See* First Am. Compl. ¶¶ 79-82; *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753 (9th Cir. 2015).

Any amended complaint shall be filed within 21 days.

**IT IS SO ORDERED.**

Dated: August 15, 2017

_____
VINCE CHHABRIA
United States District Judge