UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RACHEL CONDRY, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>UNITEDHEALTH GROUP, INC., et al.,<br><br>　　　　　Defendants. | Case No. 17-cv-00183-VC<br><br>**ORDER RE MOTIONS FOR SUMMARY JUDGMENT AND MOTION TO STRIKE**<br><br>Re: Dkt. Nos. 100, 117, 120 |

Both the plaintiffs and the defendants have moved for summary judgment in this case. Additionally, the defendants have moved to strike certain expert testimony proffered by the plaintiffs. Summary judgment on Count One is granted to the named plaintiffs (less Rachel Carroll) on their claims against their respective claims administrators, UnitedHealthcare Insurance Company and United HealthCare Services, Inc. Summary judgment on Count Two is granted to Laura Bishop against UnitedHealthcare Insurance Company, and is granted to Jance Hoy against United Healthcare Services. Summary judgment is granted to the defendants on Count Two as to Felicity Barber and Rachel Condry. Summary judgment is denied to both sides on Christine Endicott's claim under Count Two, and Rachel Carroll's claim under Count Five. Summary judgment is also denied for the Count Three claims. Summary judgment is granted to the defendants on Counts Four and Six. The motion to strike is denied as to the opinions of Ellen Chetwynd, and granted as to the opinions of Ellen Martin.

**Coverage of Lactation Services Claim (Counts Two and Five)**

Both parties move for summary judgment on the named plaintiffs' claims that the

defendants did not provide coverage for lactation support and counseling, as required by the Affordable Care Act and ERISA. *See* 42 U.S.C. § 300gg-13(a)(4); 29 U.S.C. § 1185d(a); 29 C.F.R. § 2590.715-2713(a)(1)(iv). The plaintiffs argue that because the defendants lacked adequate in-network providers of lactation support and counseling, the defendants were required– yet failed – to reimburse the plaintiffs' out-of-network costs.

Four general points apply to all the plaintiffs with respect to their claims about the defendants' failure to provide lactation services:

1. As explained in response to the defendants' motion to dismiss, the Affordable Care Act's requirement that health insurers provide coverage for comprehensive lactation support and counseling is a requirement that women have meaningful access to those services. Illusory or de minimis access is not sufficient, and a woman does not have access to lactation support if she cannot practically find those services. *See Briscoe v. Health Care Service Corp.*, 281 F. Supp. 3d 725, 732 (N.D. Ill. 2017); *but see York v. Wellmark, Inc.*, No. 4:16-cv-00627-RGE-CFB, 2017 U.S. Dist. LEXIS 199888, at *15-16, *26-29 (S.D. Iowa Sep. 6, 2017).

2. The defendants attempt to draw a line between: (i) "preventative" lactation services; and (ii) "diagnostic" lactation services. They argue that the latter need not be covered, because the pertinent provisions of the Affordable Care Act only require coverage of "preventative" care. And they argue that most lactation services are "diagnostic" in the sense that they are given in response to a known problem. This argument might have some intuitive appeal using the colloquial definition of "preventative," but it is contrary to the statutory definition of "preventative," which is all that matters here. The Affordable Care Act requires that health plans provide coverage, without out-of-pocket costs, for "preventative care and screenings . . . provided for in [the Health Resources and Services Administration's] comprehensive guidelines." 42 U.S.C. § 300gg-13(a)(4). Those guidelines, in turn, define "comprehensive lactation support and counseling" as preventative care. Pls. Ex. 10, 2011 HRSA Recommendation. The guidelines do not carve out diagnostic services from the definition. Therefore, the statute requires coverage of lactation support regardless of whether a woman is receiving it in response

to symptoms. All such coverage is "preventative" as the statute uses that term.

The defendants' proposed parsing of the statute is also contrary to the purpose of its coverage requirement. Comprehensive lactation support and counseling was included as a form of preventative care based on the view that breastfeeding reduces the prevalence of a number of diseases in both children who breastfeed and mothers who breastfeed. Pls. Ex. 8, IOM, Clinical Preventative Services for Women: Closing the Gaps 110-11 (2011). It was further based on the view that mothers often stop breastfeeding when they experience difficulties. *Id.* at 111. UnitedHealthcare's limited view of the statute's coverage provisions would mean that mothers would stop receiving free lactation support and counseling exactly at the moment that they started experiencing the kinds of difficulties that lead mothers to stop breastfeeding.

3. The defendants argue that every member of their health plans had meaningful access to in-network lactation services because the defendants have contracted with a large number of pediatricians and OBGYNs in the plaintiffs' vicinity and these providers have the expertise to provide lactation services. Even assuming that some pediatricians, OBGYNs and their practices provide comprehensive lactation support and counseling, this fact – absent evidence that pediatricians and OBGYNs in a particular plaintiff's vicinity were in fact providing those services to their patients and that the defendants made the plaintiff aware of that – does not create a genuine issue of fact as to whether a particular plaintiff had meaningful access to lactation support.

4. The defendants submitted printouts of a number of hospital websites as part of their summary judgment motion. But as discussed at argument, this evidence is not admissible to show that those providers were offering comprehensive lactation support and counseling because there is no indication that the hearsay statements on those websites "could be presented in admissible form at trial." *Fraser v. Goodale*, 342 F.3d 1032, 1037 (9th Cir. 2003); *see also Redmond v. Teledyne Landis Mach.*, No. 5:15-CV-00646-MAD-ATB, 2017 WL 2465173, at *9 (N.D.N.Y. June 7, 2017).

Against this general backdrop, the claims of the six named plaintiffs relating to the failure

3

to provide lactation services are resolved as follows:

### Jance Hoy

Judgment on Jance Hoy's claim against United Healthcare Services, Inc. is granted to Hoy. Hoy sought help with lactation after her pediatrician told her that she needed to see an expert, and that the providers at his practice could not assist her. Pls. Ex. 47 at 85. Hoy could not find an in-network provider of lactation support and counseling on the UnitedHealthcare website, and a UnitedHealthcare employee confirmed this by phone but told her that UnitedHealthcare would not reimburse her. Pls. Ex. 47 at 124. The defendants offered no admissible evidence that in-network providers were available to Hoy. But after Hoy visited an out-of-network provider in September 2015, the defendants denied her claims. Defs. Exs. A-8, A-13. Because United Healthcare Services has presented no evidence that Hoy had in-network providers available to her, it was obligated to cover services provided by out-of-network providers without cost. *See* 29 C.F.R. § 2590.715–2713(a)(3)(ii).

### Laura Bishop

Judgment on Laura Bishop's claim against UnitedHealthcare Insurance Company is granted to Bishop. Like Hoy, Bishop could not find an in-network provider of lactation support and counseling on the UnitedHealthcare website, and a UnitedHealthcare employee told her by phone that there were no in-network providers in her area. Defs. Ex. G-17 at 6-7; Defs. Ex. L-1. UnitedHealthcare Insurance offered no admissible evidence that there were in-network providers available to Bishop at the time she sought care.

### Felicity Barber and Rachel Condry

Judgment on these plaintiffs' claims is granted to the defendants. Felicity Barber and Rachel Condry did not attempt to look for an in-network provider of lactation support and counseling before seeking care. Pls. Ex. 46 at 82; .Defs. Ex. G-15 at 6-7. And there is unrebutted evidence that UnitedHealthcare had lactation specialists near these plaintiffs. *See* Defs. Ex. I at ¶ 21; Defs. Ex. O at ¶¶ 7-10; Defs. Ex. O-1 at 15-16; Defs. Ex. O-3 at 23-25. On this evidentiary record, the defendants had no obligation to cover out-of-network care.

Christine Endicott

Based on the limited evidence submitted by the parties, summary judgment is not appropriate for either side on this claim. Like Barber and Condry, Christine Endicott did not attempt to look for an in-network provider of lactation support and counseling before seeking care. *See* Defs. Ex. G-4 at 146, 148. And there is some evidence that defendants had at least one in-network lactation specialist in Endicott's vicinity. *See* Defs. Ex. O at ¶ 5; *see also* Defs. Ex. D-9 at UHC_002422. But there is also some evidence that Endicott could not access lactation support and counseling when she sought care: When Endicott called UnitedHealthcare after first seeking care, she was told that "there is no coverage for services billed by a lactation specialist." Pls. Ex. 54 at UHC_002400, UHC_002402; *see also* Defs. Ex. M at ¶ 6.

Rachel Carroll[1]

On the limited evidence submitted by the parties, there is a material factual dispute as to whether Rachel Carroll could receive in-network care from Wee Steps at the time she sought out-of-network care. *See, e.g.*, Defs. Ex. G-5 at 28, 89; Defs. Ex. G-16 at 6; Pls. Ex. 45 at 43, 64. The defendants argue that a nearby pediatrician, the Youth Clinic, had lactation consultants on staff. But Carroll could not receive services at this clinic without first becoming a patient of the clinic and scheduling an additional visit with the doctors there. Defs. Ex. G-5 at 89-90. Under these circumstances, the providers at the Youth Clinic were not lactation support and counseling providers that were available to Carroll. *See* Dkt. No. 137, *Def's Not. of Errata* at ¶¶ 4-5.

**Claims Processing Claim (Count One)**

When denying a claim for benefits, the defendants are required under ERISA to "provide adequate notice . . . setting forth the specific reasons for such denial." 29 U.S.C. § 1133; *see also* 29 C.F.R. § 2560.503-1(g). ERISA also requires the defendants to provide plan beneficiaries

---

[1] Unlike the other plaintiffs, Carroll has not brought her claim under ERISA. Carroll has a health plan through Larimer County, Colorado, and plans for government employees are exempt from ERISA. *See Roche v. Aetna, Inc.*, 681 F. App'x 117, 120 (3d Cir. 2017).

5

with a "reasonable opportunity . . . for a full and fair review" of a denial of benefits. *Id.* "In simple English, what [section 1133] calls for is a meaningful dialogue between ERISA plan administrators and their beneficiaries." *Booton v. Lockheed Med. Ben. Plan*, 110 F.3d 1461, 1463 (9th Cir. 1997). "If benefits are denied in whole or in part, the reason for the denial must be stated in reasonably clear language, with specific reference to the plan provisions that form the basis for the denial; if the plan administrators believe that more information is needed to make a reasoned decision, they must ask for it." *Id.* The plan administrators are required to "write a denial 'in a manner calculated to be understood by the claimant.'" *Salomaa v. Honda Long Term Disability Plan*, 642 F.3d 666, 680 (9th Cir. 2011).

UnitedHealthcare Insurance Company and United HealthCare Services breached their duty to provide adequate notices to Barber, Bishop, Condry, Endicott, and Hoy. The claims denials these defendants sent to plaintiffs Barber, Bishop, Condry, and Hoy were written in a way that made them virtually impossible to understand. Defs. Exs. A-9 at 2, B-4 at 2, and F-3 at 2 (all stating: "This is not a reimbursable service. There may be a more appropriate CPT or HCPCS code that describes this service and/or the use of the modifier or modifier combination is inappropriate."); Defs. Ex. A-13 at 2 ("This service code is not separately reimbursable in this setting."); Defs. Ex. E-6 at 3 ("Your plan does not cover this non-medical service or personal item"); *see also* 29 C.F.R. § 2560.503-1(g)(1)(i)-(ii). And the claims denial sent to Endicott stated that UnitedHealthcare had asked for more information but did not receive it. Defs. Ex. D-7 at 3. But UnitedHealthcare did not provide Endicott with any "description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary." 29 C.F.R. § 2560.503-1(g)(1)(iii).

The defendants also appear to argue that the plaintiffs have improperly brought this claim under both sections 1132(a)(1)(B) and 1132(a)(3). But claims under both sections of ERISA "may proceed simultaneously so long as there is no double recovery." *Moyle v. Liberty Mut. Ret. Ben. Plan*, 823 F.3d 948, 961 (9th Cir. 2016); *see also King v. Blue Cross & Blue Shield of Illinois*, 871 F.3d 730, 747 (9th Cir. 2017).

Thus, summary judgment on these claims is granted to Barber, Bishop, Condry, Endicott, and Hoy as to each plaintiff's claims administrator (UnitedHealthcare Insurance Company or United HealthCare Services, as the case may be). *See* Defs. Ex. A at ¶¶ 4, 8; Defs. Ex. B at ¶¶ 4-5; Defs. Ex. D at ¶¶ 4-5; Defs. Ex. E at ¶¶ 4-5; Defs. Ex. F at ¶¶ 4-5. To the extent that equitable remedies may be shaped by the extent the defendants breached their statutory obligations, the plaintiffs can continue to litigate other claimed violations of section 1133. *Cf. Blau v. Del Monte Corp.*, 748 F.2d 1348, 1353 (9th Cir. 1984) ("Ordinarily, a claimant who suffers because of a fiduciary's failure to comply with ERISA's procedural requirements is entitled to no substantive remedy."); *see also Schneider v. Sentry Group Long Term Disability Plan*, 422 F.3d 621, 629-30 (7th Cir. 2005).

## Other Issues

### Sex Discrimination (Count Four)

Judgment is granted to the defendants on this claim. First, the plaintiffs have offered no evidence that suggests the defendants intended to discriminate because of sex; thus, the plaintiffs cannot bring a claim on a disparate treatment of discrimination. Second, disparate impact claims on the basis of sex are not cognizable under section 1557. *See Briscoe v. Health Care Serv. Corp.*, 281 F. Supp. 3d 725, 737-38 (N.D. Ill. 2017); 42 U.S.C. § 18116(a) ("The enforcement mechanisms provided for and available under such title VI, title IX, section 504, or such Age Discrimination Act shall apply for purposes of violations of this subsection."); *see also Southeastern Pennsylvania Transp. Auth. v. Gilead Sciences, Inc.*, 102 F. Supp. 3d 688, 699 n.3 (E.D. Pa. 2015).

### Unjust Enrichment (Count Six)

Judgment is granted to the defendants on Carroll's claim under Count Six. Although a claim for unjust enrichment can exist if the underlying contract is not valid because of fraud or illegality, here there is no contention that there is no valid contract between the plaintiffs and the defendants. *Cf. Peterson v. AWJ Global Sustainable Fund, LP*, No. 15-cv-00650-CRB, 2015

WL 5921225, at *5 (N.D. Cal. Oct. 11, 2015).

### Joint Liability (Count Three)

It is not appropriate to summarily adjudicate at this time whether the defendants should be held jointly liable under section 1132(a)(3) for each other's fiduciary breaches. The plaintiffs do not contend that each UnitedHealthcare defendant is a cofiduciary of the other defendants. But, as was already explained in response to the defendants' motion to dismiss, ERISA allows a plaintiff to seek appropriate equitable relief from a nonfiduciary in some circumstances. Those circumstances include when that nonfiduciary has knowingly participated in a fiduciary's breach or has benefited from a known breach by a fiduciary. *See Harris Trust & Savings Bank v. Salomon Smith Barney, Inc.*, 530 U.S. 238, 247-51 (2000). And the defendants have not argued that the plaintiffs lack sufficient evidence to go forward on this theory of joint liability.

### Exhaustion of Carroll's Claims

UnitedHealthcare argues that Carroll cannot state a claim because she did not exhaust mandatory internal remedies before bringing suit. It is not disputed that Carroll did not appeal the denials of benefits she received from UnitedHealthcare. Nonetheless, summary judgment is not appropriate for two reasons. First, there is some evidence that UnitedHealthcare did not provide Carroll with "appropriate information" for appealing her claim. *See* Defs. Ex. C-1 at UHC_002348; Pls. Ex. 45 at 160 (Carroll testifying that UnitedHealthcare representative directed her to website to find appeals form, and that she could not find form on website). And although the denial of benefits stated that Carroll could appeal "by sending a written request and pertinent information" to the defendant, the explanations of why her claims were denied did not explain in a reasonably clear manner why her claims were denied. *See* Defs. Ex. C-04; Defs. Ex. C-05; *see also* 45 C.F.R. §§ 147.136(b)(3)(ii)(E)-(F) (noting that exhaustion is excused where a health plan fails to provide reasons for an adverse benefit determination). Second, exhaustion is not necessary where futile. *Diaz v. United Agr. Employee Welfare Ben. Plan & Tr.*, 50 F.3d 1478, 1485 (9th Cir. 1995); *see also New Design Constr. Co. v. Harmon Contractors, Inc.*, 215 P.3d 1172, 1180 (Colo. App. 2008). Here, there is significant evidence that the defendants had a

blanket policy of denying claims from out-of-network lactation consultants, and that any appeal of a decision to deny benefits would have certainly resulted in another denial.  *See, e.g.*, Pls. Ex. 22 at UHC_056775, UHC_056778.

<u>Motion to Strike</u>

The motion to strike is granted in part and denied in part.  Ellen Chetwynd's opinions plainly rebut opinions offered by the defendants' experts.  *See, e.g.*, *Van Alfen v. Toyota Motor Sales, U.S.A., Inc.*, No. 10-ML-02151-JVSF-MOX, 2012 WL 12930456, at *2 (C.D. Cal. Nov. 9, 2012).  So do Ellen Martin's opinions.  But Ellen Martin's opinion focuses almost entirely on interpretation of the Affordable Care Act's legal requirements.  This is impermissible legal opinion.  Thus, her opinion is stricken.  *See Hooper v. Lockheed Martin Corp.*, 688 F.3d 1037, 1052 (9th Cir. 2012).

**IT IS SO ORDERED.**

Dated: June 27, 2018

VINCE CHHABRIA
United States District Judge