UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RACHEL CONDRY, et al.,

        Plaintiffs,

    v.

UNITEDHEALTH GROUP, INC., et al.,

        Defendants.

Case No.  17-cv-00183-VC

**ORDER RE FLASH DRIVE FOR PENDING MOTIONS**

    1.  The parties are ordered to deliver a joint flash drive to Judge Chhabria's chambers by no later than April 16, 2019 at 2:00 PM.  The flash drive should contain the pending motions and related documents. The folder organization and filenames do need to match exactly those suggested below; and the parties should use any naming protocol and organizational structure that (1) makes sense and (2) is consistent across documents and across parties.

    a)  **Main Folders.**  The flash drive should have "main folders" that represent each of the pending motions.  For instance, there should be one folder for the motion for class certification titled "Motion Certify Class," one folder for the motion to Exclude Expert Testimony and Opinions of Jane Morton titled "Motion Exclude Morton," one folder for the motion to Limit Consideration of Expert Report of Palma D'Apuzzo titled "Motion Limit D'Apuzzo." There should be nine main folders representing the nine pending motions.  All filings corresponding to a pending motion should be contained somewhere within the respective main folder.

    b)  **Subfolders.**  For each main folder, there should be subfolders.  The motion, opposition, and reply for each pending motion should have separate subfolders within the respective main folder. Within each subfolder, the parties should include (1) the

principal filing (i.e., the motion, opposition, or reply) and (2) a folder titled

"Supporting Documents," which contains all declarations and exhibits in support of

that principal filing.  Regardless of how each declaration and exhibit was filed via

ECF (either as the same docket entry as the principal filing, e.g. docket entry no. 161,

or as separate docket entries from the principal filing, e.g. docket entry nos. 163-176)

the folder organization on the flash drive should have the same basic structure across

parties and across motions.

c) **Separate Documents.**  If multiple documents were filed within a single docket entry,

these documents must be separated so that (i) each document has its own PDF and (ii)

no PDF contains multiple documents.  For instance, plaintiffs should separate exhibits

1-49 filed at docket entry no. 161-2 into separate files.

d) **Filenames.**  The filename of a document should include the name of the document, a

brief description of the document (if the name is not self-explanatory), and the docket

entry.  For example, the filename for docket entry no. 161-1 may read "Decl.

Donaldson-Smith [161-1]" and the filename for docket entry no. 186-2 may read

"Ex. 1 Depo. Tr. Palma [186-2]."  The filename does not need to include the page

numbers of the docket entry.

e) **Headers**.  The files should have the blue ECF headers, which indicate the docket

number of the filings.

f) **Exhibits.**  Where a principal filing or a declaration has exhibits, those exhibits should

be contained in a subfolder.  For instance, the exhibits at docket entry nos. 181-2 and

181-3 to the Tang declaration at docket entry no. 181-1 should be contained within a

subfolder "Exhibits re Tang Decl."

g) **Examples.**

　　1) **Example 1.**  There should be a main folder "Motion Certify Class."  Within

that main folder, there should be three subfolders for "Motion to Certify

Class," "Opposition to Certify Class," and "Reply to Certify Class."  Each of

those subfolders (1) should contain the principal filing and (2) should include a subfolder "Supporting Documents" that contains all supporting documents for that principal filing.  The subfolder "Opposition to Certify Class," for instance, should include the principal filing at docket entry no. 163 and a folder titled "Supporting Documents" that contains the supporting documents at docket entry nos. 164-176.  Where a supporting document contains exhibits, those exhibits should be contained in another embedded, appropriately-titled subfolder.  For instance, there should be a subfolder called "Exhibits re Decl. Souza."  The structure looks like this:  Main folder: "Motion to Certify Class" → Subfolder: "Opposition to Motion to Certify Class" → Subfolder: "Supporting Documents" → Subfolder: "Exhibits re Decl. Souza."  Exhibits A-G filed at docket entry nos. 164-1–164-7 should be included as separate, appropriately-titled files in the "Exhibits re Decl. Souza" folder.  The Souza declaration itself should <u>not</u> be saved in the "Exhibits re Decl. Souza" folder but rather should be saved in the "Supporting Documents" folder.

2) **Example 2**. There should be a main folder "Motion Exclude McGlone." Within that main folder, there should be three subfolders for "Motion to Exclude McGlone," "Opposition to Exclude McGlone," and "Reply to Exclude McGlone."  Within the folder "Motion to Exclude McGlone," there should be (1) the principal filing, i.e. "Motion to Exclude McGlone [179]," and (2) a subfolder titled "Supporting Documents." Within the subfolder "Supporting Documents" each exhibit should be saved as a separate, appropriately-titled file, e.g., "Ex. 2 Exp. Rpt Dos Santos [179-1]."  As noted above, the filenames do not need to indicate page numbers.

2. **Excel Spreadsheet.**  The parties must also include on the flash drive an excel spreadsheet that contains the relevant information for each filed document.  The spreadsheet should contain a separate table for each pending motion.  Relevant information includes the

docket number (and pages therein, if necessary), a description of filing, and the exhibit number, if appropriate.

      3.  **Supplemental Flash Drive.**  For main flash drive due on April 16, 2019, the parties do not need to include the oppositions or replies to plaintiffs' motions to limit consideration of various expert reports, as those filings are not due until after the date the flash drive is due. Instead, the parties shall deliver a supplemental joint flash drive to Judge Chhabria's chambers by no later than April 22, 2019 at 2:00 PM.  The supplemental flash drive should only contain filings regarding plaintiffs' motions to limit consideration of various expert reports and should not include other filings regarding the other pending motions.  The supplemental flash drive should contain, however, all filings regarding plaintiffs' motions to limit consideration of various expert reports, even where those filings are duplicative of the files contained on the main flash drive.

      **IT IS SO ORDERED.**

Dated: April 10, 2019

_____

VINCE CHHABRIA
United States District Judge