UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RACHEL CONDRY, et al.,

           Plaintiffs,

      v.

UNITEDHEALTH GROUP, INC., et al.,

           Defendants.

Case No.  17-cv-00183-VC

**ORDER DENYING MOTION FOR CLASS CERTIFICATION**

Re: Dkt. Nos. 161, 177-180, 186-189, 192

      The motion for class certification is denied without prejudice to seeking certification of a more carefully tailored class or set of classes.

I.

      Six women who participated in health plans offered and administered by United Health Care ("UHC") brought a proposed class action alleging that the company failed to provide coverage for lactation services as mandated by the Affordable Care Act.[1] UHC opted for the Court to adjudicate cross-motions for summary judgment on liability with respect to the six named plaintiffs before adjudicating class certification.

      The plaintiffs' primary claims were based on UHC's alleged failure to reimburse them for out-of-network lactation services after they had been unable to obtain those services in-network. On these claims, two of the named plaintiffs presented evidence that UHC had not made in-network lactation services available to them, and UHC countered with no admissible evidence to the contrary. The Court therefore granted summary judgment to those plaintiffs, ruling that UHC is required to reimburse those plaintiffs for the out-of-network services they

---

[1] UHC refers collectively to all defendants.

received. With respect to two other named plaintiffs, the Court granted summary judgment to UHC because it presented evidence that in-network lactation services were available to those plaintiffs, while the plaintiffs presented no evidence that they were unable to obtain those services. For the two remaining plaintiffs, the Court denied both sides' summary judgment motions, concluding that a factual dispute exists about whether in-network lactation services were available to those plaintiffs.

Five of the plaintiffs brought a secondary claim against UHC for failure to satisfy ERISA's requirement that, when a plan denies benefits, it must "provide adequate notice . . . setting forth the specific reasons for that denial . . . ." 29 U.S.C. § 1133. (The sixth plaintiff did not join in this claim because her plan with UHC was not an ERISA plan.) The Court granted summary judgment to all five plaintiffs on this claim because when UHC denied their claims for reimbursement for out-of-network lactation services, the notices explaining the denials were incomprehensible.

With the parties' requests for summary judgment resolved, the plaintiffs now move for class certification.

II.

With respect to their primary claims, the plaintiffs seek certification of two classes: a class of ERISA plan participants who were denied coverage for lactation services; and a class of non-ERISA plan participants who were denied that coverage. Three of the remaining named plaintiffs had ERISA plans; one had a non-ERISA plan. Many problems plague the motion to certify these classes.

The first problem is that the proposed classes consist not merely of people denied reimbursement for out-of-network lactation services, which was the issue presented at summary judgment, but rather all people denied lactation coverage by UHC, whether in-network or out-of-network. Although there is fleeting reference in the operative complaint to the denial of in-network coverage, each named plaintiff in this case alleged that UHC violated her rights by refusing to reimburse her for out-of-network services. The denial of claims for in-network

services thus has not been put into play in this lawsuit. No evidence was presented on the issue at summary judgment, and the plaintiffs have pointed to no evidence in their class certification motion to suggest that the claim of a person who was denied reimbursement for out-of-network services is similar to the claim of a person who was denied coverage in-network. And importantly, it's not the failure to offer in-network providers that violates the Affordable Care Act; it's the failure to reimburse for out-of-network services when those services are not available in-network. Therefore, the named plaintiffs do not satisfy the typicality requirement for certification of these classes. *See* Fed. R. Civ. P. 23(a)(3); *In re Graphics Processing Units Antitrust Litig.*, 253 F.R.D. 478, 490 (N.D. Cal. 2008). Nor do they show that: (1) inconsistent judgments among such a broad group of plaintiffs would be improper; or (2) classwide injunctive relief for such a broad class would be appropriate. *See* Fed. R. Civ. Proc. 23(b)(1)(A), (b)(2). The only classes even potentially appropriate for these claims would consist of people denied reimbursement for out-of-network lactation services despite in-network services being unavailable to them.

The second major problem is that, even for those narrower groups, the plaintiffs have not presented adequate evidence that liability could be determined (or that any significant issues could be resolved) on a classwide basis. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). As the evidence presented at summary judgment suggests, UHC correctly denied reimbursement to some people and incorrectly denied reimbursement to others. These differing results do not automatically defeat class certification – after all, if UHC applied the same ACA-noncompliant policy in processing claims across the board, the Court could award classwide relief by requiring the company to reprocess all claims previously denied pursuant to that noncompliant policy, even if some claims were granted pursuant to that non-compliant policy (and even if some claims would still be denied pursuant to a compliant policy). *See, e.g.*, *Des Roches v. California Physicians' Serv.*, 320 F.R.D. 486, 510 (N.D. Cal. 2017); *Wit v. United Behavioral Health*, 317 F.R.D. 106, 136 (N.D. Cal. 2016). But here, the plaintiffs have not presented any meaningful evidence that UHC uniformly applied an unlawful policy to

out-of-network claims. It appears, at least based on the limited evidence presented so far, that UHC's approach to compliance with the Affordable Care Act's lactation coverage mandate was disinterested and haphazard rather than uniform. The plaintiffs make much of the fact that only a limited number of providers are "coded" within UHC's systems as lactation specialists, but as the summary judgment proceedings showed, those are not the only providers in UHC's networks that offer lactation services (most obviously, hospitals provide those services during childbirth, as do many pediatricians and OB/GYNs). The plaintiffs also emphasize that, at least before 2016, UHC did not have separate listings for lactation providers in its directories, but the summary judgment proceedings showed that this singular issue also does not answer the question of whether UHC failed to comply with the mandate across the board. Nor have the plaintiffs presented evidence that UHC was denying out-of-network claims automatically (in fact, UHC's evidence suggests that some of those claims were granted). And while their class certification motion alludes to an erroneous "preventive/diagnostic care construct" asserted by UHC during this litigation, the plaintiffs have not linked that construct to any actual claim denials for the named plaintiffs or for the class.

Perhaps this type of evidence was absent from the plaintiffs' motion because no such evidence exists, or perhaps it's because the plaintiffs were too focused on getting the wrong classes certified (that is, classes which included people who were allegedly denied coverage in-network). In any event, in light of the two problems discussed above, the motion to certify these classes must be denied. But because denial is without prejudice, it's worth noting several other significant problems with the plaintiffs' presentation which may also have precluded class certification:

- It does not appear that the named plaintiffs have standing to seek prospective relief because they are no longer UHC plan participants. *See Gest v. Bradbury*, 443 F.3d 1177, 1181 (9th Cir. 2006) (internal quotations and citation omitted). To the extent the plaintiffs assert that they may someday return to UHC, their speculative assertion is insufficient to confer standing to seek prospective relief (such as, for example, an injunction requiring UHC to

4

comply with the lactation mandate going forward). To the extent *Johnson v. Hartford Casualty Insurance Company*, 2017 WL 2224828 (N.D. Cal. May 22, 2017) stands for the contrary proposition, this Court disagrees with it. But it does not necessarily follow that the named plaintiffs lack standing to seek an order remedying past violations (such as, for example, an order requiring UHC to reprocess previously-denied claims under a correct standard). But the plaintiffs do not discuss a potential distinction between these two types of relief from an Article III standpoint, merely arguing generically that they are entitled to seek injunctive relief.

- To the extent the named plaintiffs have standing to seek the latter type of relief – that is, an order that would remedy past violations – it's not clear what remedy they actually seek. The plaintiffs are vague, stating only that UHC should be ordered to "reprocess claims under a corrected standard." But they do not describe what a corrected standard looks like. And the plaintiffs do not adequately explain why their requested remedy should be considered for class certification under Federal Rule of Civil Procedure 23(b)(1)-(2), rather than under Rule 23(b)(3) as UHC insists. *See also CIGNA Corp. v. Amara,* 563 U.S. 421 (2011).

III.

There are fewer problems with the motion to certify a class relating to the plaintiffs' secondary claim – that is, the claim that denials were incomprehensible and therefore violated ERISA's mandate for reasonably clear explanations. *See* 29 U.S.C. § 1133; *Salomaa v. Honda Long Term Disability Plan*, 642 F.3d 666, 680 (9th Cir. 2011). But at least two significant problems exist here as well.

The first problem is that the plaintiffs again seek to certify an overbroad class that would include people who were denied in-network lactation coverage. The second problem is that, even for a class limited to out-of-network coverage, the plaintiffs provide virtually no discussion of the relief they would seek on behalf of such a class, which makes it difficult to assess whether class treatment is warranted. For example, to the extent the plaintiffs' motion might be understood to contemplate an eventual order that UHC reprocess all claims for these class

members, that would almost certainly be wrong. The violation found at summary judgment for this claim was a failure to communicate a denial properly, not an actual failure to provide benefits. Perhaps some other form of classwide relief could be ordered in connection with this claim – for example, an order requiring UHC to send a new letter to these claimants with clear language explaining why a claim was denied and to consider any appeals by claimants who receive such a letter. But the failure by the plaintiffs to propose a form of relief congruent with the summary judgment ruling in their favor on this claim counsels against certifying this class at this time. Indeed, the plaintiffs' request for class certification on this claim seemed almost an afterthought, with counsel herself suggesting at the hearing that if class certification were denied without prejudice for the primary claims, denial without prejudice for this secondary claim could be preferable from a case management standpoint.

IV.

It seems clear that UHC's compliance with the Affordable Care Act's mandate to provide lactation services has been spotty at best. In fact, it almost seems as if the instances of compliance were accidental. But the plaintiffs can't win class certification on the company's poor conduct alone (especially when they lack standing to seek prospective relief). Nonetheless, given the complexity of the evidence presented and the questions involved, as well as the significant possibility that the plaintiffs could at least obtain certification for a class of people who did not receive adequate denial explanations, the Court will exercise its discretion to grant the plaintiffs leave to take another shot at class certification. *See Kowalsky v. Hewlett-Packard Co.*, 2012 WL 892427, at *8 (N.D. Cal. Mar. 14, 2012).

A case management conference is scheduled for June 26, 2019.[2] The parties shall file a

---

[2] There are a few other pending matters. If the discovery dispute identified in the parties' April 5, 2019 joint letter remains relevant in the wake of this ruling, the parties may resubmit a joint letter that grounds the dispute in this ruling. Any arguments regarding the requested documents' relevance, particularly at this stage of the litigation, must be specific. The motion contained in the April 5, 2019 letter is therefore denied. The motion to exclude the plaintiffs' proffered expert Dr. Hanley, in which UHC requests her opinion be given "no weight," is denied. The request to exclude or to limit consideration of the remaining expert reports of D'Apuzzo, Dos Santos,

joint case management statement seven days before the conference.

**IT IS SO ORDERED.**

Dated: May 23, 2019

_____

VINCE CHHABRIA
United States District Judge

---

Labovitz, Lee, McGlone, Miller, and Morton are unnecessary, as they provided little or no opinion relevant to this certification decision.