UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RACHEL CONDRY, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>UNITEDHEALTH GROUP, INC., et al.,<br><br>        Defendants. | Case No. 17-cv-00183-VC<br><br>**ORDER RE HEARING ON RENEWED MOTION FOR CLASS CERTIFICATION** |

Assume for argument's sake that it would be appropriate in this case to certify classes of people who were denied claims for out-of-network services <u>if</u> the evidence showed that UHC uniformly denied claims for out-of-network services without regard to whether in-network services were available (with the potential remedy being that all claims be reprocessed with regard to the availability of in-network services). At tomorrow's hearing, the parties should be prepared to address the following, in no particular order:

- What evidence supports a conclusion that claims for out-of-network services were uniformly denied without regard to the availability of in-network services, and where is that evidence in the record?

- The plaintiffs make reference to an analysis they conducted of 33,000 claims for out-of-network services. Is there evidence in the record that the Court can examine to better understand this analysis, and if so where is it?

- The plaintiffs assert that, of the 33,000 out-of-network claims they analyzed, 12% were allowed. If that's true (and if the plaintiffs' methodology for identifying these claims as claims for lactation services is reliable), then it would seem to undermine

the notion that claims were uniformly denied without regard to the availability of lactation services in-network. In other words, if the 12% truly consisted of claims for out-of-network lactation services (as opposed to some other type of out-of-network service), it seems reasonable to assume that many of them were allowed because in-network lactation services were unavailable. Have the plaintiffs presented any evidence about why this 12% of claims were allowed, and if so where is that in the record?

- Can the parties better explain the significance of the gap exception? How does the gap exception work? Where is the evidence in the record of how it works? Perhaps more importantly, where is the evidence of what participants are told about how it works? Is there evidence in the record that would help the Court better understand whether the gap exception is a reasonable means of obtaining coverage for out-of-network lactation services in situations where in-network services are unavailable?

- The plaintiffs assert, without explanation, that evidence of the number and percentage of claims granted for in-network lactation services is irrelevant. However, this information is potentially quite relevant, because it potentially sheds light on how widely available in-network lactation services were. In turn, if in-network lactation services were widely available, it might support an assumption that the 88% of the 33,000 claims were denied because of the availability of in-network services (and such denials would be consistent with the ACA).

**IT IS SO ORDERED.**

Dated: November 20, 2019

VINCE CHHABRIA
United States District Judge