UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RACHEL CONDRY, et al.,

Plaintiffs,

v.

UNITEDHEALTH GROUP, INC., et al.,

Defendants.

Case No. 17-cv-00183-VC

**ORDER DENYING MOTION TO INTERVENE**

Re: Dkt. No. 221

In early 2017, six named plaintiffs brought this lawsuit against United Healthcare, seeking to represent a nationwide class. The named plaintiffs sought retrospective as well as prospective relief on behalf of themselves and the class. Relatively early in the case, the Court expressed concerns to plaintiffs' counsel about whether any of the named plaintiffs had standing to seek prospective relief. Even if the Court hadn't expressed these concerns, they should have been obvious in light of *Los Angeles v. Lyons*, 461 U.S. 95 (1983), and the many subsequent cases applying it. Nonetheless, during the period when the Court was considering cross-motions for summary judgment as to the named plaintiffs, counsel did not seek to add a named plaintiff qualified to seek prospective relief. After the summary judgment ruling, further discovery took place, and the plaintiffs filed a motion for class certification, seeking certification of classes to obtain both retrospective and prospective relief. Again, counsel did not seek to add a named plaintiff qualified to seek prospective relief during this period. The Court denied the motion for class certification, identifying numerous problems with it (including but not limited to the fact that none of the named plaintiffs had standing to seek prospective relief). Denial was without prejudice to seeking certification of a narrower class on a stronger evidentiary presentation. A

further period of discovery ensued, during which time counsel still did not seek to add a named plaintiff qualified to seek prospective relief. More than three months later, the plaintiffs filed a renewed motion for class certification. Along with that, plaintiffs' counsel filed a motion to intervene on behalf of Teresa Harris, for the purpose of adding a plaintiff who had standing to seek prospective relief. But the proposed complaint-in-intervention does not allege facts that would give Harris standing to seek prospective relief. Although she alleges that she was improperly denied coverage for out-of-network lactation services and that she continues to be a United Healthcare plan participant, she includes no allegations about the likelihood that she will need lactation services in the future. *See Lyons*, 461 U.S. at 105 ("Lyons' standing to seek the injunction requested depended on whether he was likely to suffer future injury . . . .").

Given this history, it would be unfairly prejudicial to United Healthcare to grant Harris's motion to intervene. In a case that is finally nearing its end, adding Harris would result in at least one more motion to dismiss for lack of standing, which would need to be granted. And if Harris were able to cure the defects in her proposed complaint, yet another discovery period would ensue, presumably followed by another motion for summary judgment, presumably followed by yet another motion for certification of a prospective relief class. In contrast, denial of the motion does not prejudice Harris, because she is free to file a separate suit against United Healthcare seeking both retrospective relief and, if she can ultimately allege the facts necessary to establish standing, prospective relief. *See* Federal Rule of Civil Procedure 24(b)(3); Rule 24(a)(2) (intervention as of right available when motion is timely and "disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest").

Accordingly, the motion to intervene is denied.

**IT IS SO ORDERED.**

Dated: December 19, 2019

_____

VINCE CHHABRIA
United States District Judge