# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| RACHEL CONDRY, JANCE HOY, CHRISTINE ENDICOTT, LAURA BISHOP, FELICITY BARBER, RACHEL CARROLL on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UnitedHealth Group Inc.; UnitedHealthcare, Inc.; UnitedHealthcare Insurance Company; UnitedHealthcare Services, Inc.; and UMR, Inc.,<br><br>Defendants. | Case No.: 3:17-cv-00183-VC<br><br>**STIPULATED [PROPOSED] FINAL JUDGMENT AND ORDER**<br><br>**Honorable Vince Chhabria** |

Plaintiff, Rachel Condry ("Condry"), who was later joined by Plaintiffs, Jance Hoy ("Hoy"), Christine Endicott ("Endicott"), Laura Bishop ("Bishop"), Felicity Barber ("Barber"), and Rachel Carroll ("Carroll") (collectively with Condry, "Plaintiffs"), first commenced this class action on January 13, 2017, against their respective health benefit plans and/or claims administrators, UnitedHealthcare Group Inc., UnitedHealthcare, Inc., UnitedHealthcare Insurance Company, United Healthcare Services, Inc., and UMR, Inc. (collectively, "Defendants"), alleging they violated the Affordable Care Act ("ACA") when they denied coverage for, or imposed cost-shares on, Plaintiffs' out-of-network claims for lactation services. In addition, Plaintiffs (except Carroll) alleged that Defendants failed to provide a "full and fair review" as required by ERISA claiming that the reasons Defendants provided to Plaintiffs (except Carroll), about how their claims processed, were not understandable. Based on these allegations, Plaintiffs asserted: breach of fiduciary duty claims under the Employee Retirement Income Security Act of 1974 ("ERISA") for failing to provide adequate notice when denying their benefit claims (Counts I); breach of fiduciary and co-fiduciary duty claims under ERISA for failing to provide ACA-mandated lactation counseling coverage (Counts II and III); sex discrimination in violation of Section 1557(a) of the ACA (Count IV); and violation of the ACA's preventive care provisions which were incorporated by reference in non-ERISA health benefit plans (Count V); and, unjust enrichment (Count VI). [Dkt. No. 78.] Defendants denied all of these allegations, asserting that that they cover network lactation services without cost-sharing as required by the ACA and provided a "meaningful dialogue" to Plaintiffs in processing their lactation claims as required by ERISA. [Dkt. Nos. 82 and 104.]

Plaintiffs and Defendants (collectively, "Parties"), by and through their counsel, stipulate as follows:

WHEREAS, on June 27, 2018, the Court entered summary judgment: (1) in favor of all Plaintiffs on Count I (except for Carroll)[1]; (2) in favor of Bishop and Hoy for Count II; (3) in favor of Defendants for Count II with respect to Barber and Condry; and (4) in favor of Defendants for Counts

---

[1] Unlike the other Plaintiffs, Carroll was a participant of a non-ERISA health benefit plan and therefore did not bring any claims under ERISA.

– 2 –
STIPULATED [PROPOSED] FINAL JUDGMENT AND ORDER

IV and VI.

WHEREAS, on June 27, 2018, the Court denied summary judgment for both sides on: (1) Count III; (2) Endicott's Count II claim; and (3) Carroll's Count V claim. [Dkt. No. 146.]

WHEREAS, on May 23, 2019, the Court denied without prejudice Plaintiffs' Motion for Class Certification. [Dkt. No. 213.]  Among other things, the May 23, 2019 Order held that "[i]t does not appear that the named plaintiffs have standing to seek prospective relief because they are no longer UHC plan participants." [*Id.* at 4.]  On December 19, 2019, the Court denied Plaintiffs' Motion to Grant Request for Intervention [Dkt. No. 259], which sought to add as a named plaintiff Teresa Harris, a UHC insured, who asserted a claim under Count II, as set forth in the proposed amended complaint (*id.*), with respect to the denial of her lactation claim, finding generally that Plaintiffs waited too long to seek intervention of a new plaintiff. (*Id.*)

WHEREAS, on December 23, 2019, the Court granted in part and denied in part Plaintiffs' renewed motion for class certification.  [Dkt. No. 262.] The Court certified a Federal Rule of Civil Procedure Rule 23(b)(2) class of ERISA plan participants who received the same denial letters for lactation claims as Condry, Hoy, Endicott, Bishop, and Barber ("Denial Letter Class"), which the Court had previously found violated ERISA under Count I when entering summary judgment in favor of Condry, Hoy, Endicott, Bishop, and Barber on that issue.  The Court denied certification of a proposed class of members of Defendants' health benefit plans who were denied coverage or had cost-shares imposed for out-of-network lactation services, which pertained to Counts II, III and V, finding that Plaintiffs did not meet their burden under Federal Rule of Civil Procedure 23.  [Dkt. No. 262.]

WHEREAS, with respect to the Denial Letter Class the Court ordered Defendants to send a follow-up letter to each member of the Denial Letter Class, "that explain[s] the basis for denial in a comprehensible fashion (which would, in turn, allow participants to meaningfully assess whether to contest the denial)", and "that is worded so as to emphasize that if a participant believes her dispute with the company was mooted by activity or communications subsequent to the initial denial letter, she need not take further action in response to the new letter." [Dkt. No. 262.]

WHEREAS, both sides moved for interlocutory appeal of the Court's class certification

– 3 –
STIPULATED [PROPOSED] FINAL JUDGMENT AND ORDER

1  decision, which the Ninth Circuit Court of Appeals denied on March 2, 2020.

2  WHEREAS, the remaining claims are: (i) Endicott's individual lactation counseling coverage claim under ERISA (Counts II and III); and, (ii) Carroll's individual lactation counseling coverage claim under the ACA's preventive care provisions which were incorporated by reference in her non-ERISA health benefit plan (Count V).  In the interest of efficiency and judicial economy, and solely to resolve the claims that are remaining in the wake of the Court's previous fully litigated and contested rulings, the Parties agree to the dismissal of the foregoing remaining claims.

WHEREAS, Plaintiffs' (except Carroll) claim under Count III alleging that Defendants should be held jointly liable under ERISA is derivative of Plaintiffs' claim under Count II, pursuant to the Court's order granting in part and denying in part the parties' cross-motions for summary judgment, the Parties stipulate that judgment be entered under Count III for Bishop and Hoy and against Condry and Barber.  This stipulation does not reflect any settlement or concession relating to the issues litigated on the cross-motions for summary judgment but instead is only intended to resolve the claims asserted in Count III.

WHEREAS, upon entry of this Stipulated [Proposed] Final Judgment and Order, Plaintiffs and Defendants both intend to file timely notices of appeal.

WHEREAS, the parties, by and through respective counsel, agree to the entry of this Stipulated [Proposed] Final Judgment and Order, subject to reservations of right to appeal.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1.  This Court has jurisdiction over the Parties and over the subject matter in issue, and venue is proper in this District.

2.  In the interest of efficiency and judicial economy, Plaintiffs and Defendants agree to stipulate to entry of a final judgment, and the relief awarded herein is expressly conditioned on the Parties' reservations of their rights of appeal as set forth below in paragraph 3.

3.  The Parties stipulate that they have expressly reserved their rights on appeal to challenge all rulings or orders in this case.  If any aspect of a ruling or order is reversed or vacated on appeal, wholly or partially, this Stipulated Final Judgment and Order shall be set aside to the extent

1    inconsistent with any such decision on appeal or ruling of this Court on remand.

2        4.    Subject to paragraphs 2-3 above, final judgment is hereby entered in favor of the Denial
3    Letter Class on Count I, finding that Defendants violated ERISA for the reasons set forth in the Court's
4    summary judgment order. [Dkt. No. 146.] The Denial Letter Class is defined as:

> All participants and beneficiaries, in one or more of the ERISA employee health benefit plans administered by Defendants in the United States, which provide benefits for healthcare services and for which claims administration duties are delegated to one or more of the Defendants, who received from August 1, 2012 to present, an explanation of benefits for Comprehensive Lactation Services rendered by an out-of-network provider, that included one or more of the following denial reasons (the "Remark Codes"):
>
> (1) Remark code KM ("This is not a reimbursable service. There may be a more appropriate CPT or HCPCS code that describes this service and/or the use of the modifier or modifier combination is inappropriate.")
> (2) Remark code I5 ("This service code is not separately reimbursable in this setting.")
> (3) Remark code 13 ("Your plan does not cover this non-medical service or personal item.")
> (4) Remark code B5 ("Payment for services is denied. We asked the member for more information and didn't receive it on time.")
>
> Excluded from the Class are Defendants, their subsidiaries or affiliate companies, their legal representatives, assigns, successors and employees and the Court and all Court personnel involved in the handling of this case.

    5.    Subject to paragraphs 2-3 above, Barber, Bishop, Condry, Endicott, and Hoy are hereby appointed as Class Representatives of the Denial Letter Class, and Chimicles Schwartz Kriner & Donaldson-Smith LLP and Shepherd, Finkelman, Miller & Shah, LLP are hereby appointed as Co-Lead Class Counsel, and Axler Goldich LLC is hereby appointed as Class Counsel of the Denial Letter Class.

    6.    Subject to paragraphs 2-3 above, final judgment is hereby entered with respect to the Denial Letter Class, ordering Defendants to send a follow-up letter ("Letter") to each member of the Denial Letter Class, "that explain[s] the basis for denial of the lactation claim in a comprehensible fashion (which would, in turn, allow participants to meaningfully assess whether to contest the denial)," and that is "worded so as to emphasize that if a participant believes her dispute with the company was mooted by activity or communications subsequent to the initial denial letter, she need

– 5 –
STIPULATED [PROPOSED] FINAL JUDGMENT AND ORDER

1  not take further action in response to the new letter." [Dkt. No. 262.] However, the Parties agree to stay execution of the order directing Defendants to send the Letter until after the aforementioned appeals are fully resolved.

7. Subject to paragraphs 2-3 above, final judgment is hereby entered in favor of Plaintiff Hoy on Counts II and III in the amount of $345 and $49 in prejudgment interest[2], for a total of $394, for the reasons set forth in the Court's summary judgment order. [Dkt. No. 146.] However, the Parties agree to stay execution of payment of said amount, with no additional accrual of interest of any kind, until after the aforementioned appeals are fully resolved.

8. Subject to paragraphs 2-3 above, final judgment is hereby entered in favor of Plaintiff Bishop on Counts II and III in the amount of $130 and $19.38 in prejudgment interest, for a total of $149.38, for the reasons set forth in the Court's summary judgment order. [Dkt. No. 146.]  However, the Parties agree to stay execution of payment of said amount, with no additional accrual of interest of any kind, until after the aforementioned appeals are fully resolved.

9. Subject to paragraphs 2-3 above, final judgment is hereby entered against Barber and Condry on Counts II and III, for the reasons set forth in the Court's summary judgment order. [Dkt. No. 146.]

10. Subject to paragraphs 2-3 above, final judgment is hereby entered against the Plaintiffs on Count IV, for the reasons set forth in the Court's summary judgment order. [Dkt. No. 146.]

11. Subject to paragraphs 2-3 above, Counts II and III are dismissed with prejudice as to Endicott as the result of a partial settlement, which settled only the portion of Endicott's individual claims that was not decided by previous order of this Court, but which did not settle her class claims and the portions of her claims that this Court previously decided and which remain contested and subject to further appeals.

---

[2] The Parties stipulate and agree to Pre-judgment interest at the rate of 3% per annum, calculated from the date of when Defendants first notified the plaintiff that it would not cover the lactation claim to the date of the entry of this Judgment, and, therefore, stipulate and agree to the pre-judgment interest calculations, depending on the date judgment is entered for Hoy and Bishop, set forth in Appendix A.

12. Subject to paragraphs 2-3 above, Count V is dismissed with prejudice as to Carroll as the result of a partial settlement, which settled only the portion of Carroll's claim that was not decided by previous order of this Court, but which did not settle her class claims and the portions of her claims that this Court previously decided and which remain contested and subject to further appeals.

13. Except with respect to Endicott's and Carroll's individual claims that are the subject of the partial settlements, the Parties reserve the right under this Stipulated Final Judgment and Order to move for an award of reasonable attorneys' fees and/or costs, including pursuant to 29 U.S.C. § 1132(g), and each Party reserves the right to object to the others' motion.  The Parties agree to wait until appellate issues are resolved before briefing such issues.

14. This Court shall retain continuing jurisdiction over the Parties to this Stipulated Final Judgment and Order and over the subject matter of this action for the purposes of interpreting and enforcing the terms of this Stipulated Final Judgment and Order, subject to the Parties' right of appeal as set forth in paragraphs 2-3 above.

DATED: September 4, 2020     **REED SMITH LLP**

By: */s/Rebecca R. Hanson*
Martin J. Bishop (*pro hac vice*)
Rebecca R. Hanson (*pro hac vice*)
kbraje@reedsmith.com
mbishop@reedsmith.com
rhanson@reedsmith.com
Telephone: (415) 543-8700
Facsimile: (415) 391-8269

***Attorneys for Defendants UnitedHealth Group Inc., UnitedHealthcare, Inc., UnitedHealthcare Insurance Company, and United Healthcare Services, Inc.***

**CHIMICLES SCHWARTZ KRINER & DONALDSON-SMITH LLP**

By: */s/ Kimberly M. Donaldson-Smith*
Nicholas E. Chimicles (*pro hac vice*)
Kimberly M. Donaldson-Smith (*pro hac vice*)
Stephanie E. Saunders (*pro hac vice*)
361 W. Lancaster Avenue
Haverford, PA 19041
Telephone: (610) 642-8500
Facsimile: (610) 649-3633
nickchimicles@chimicles.com
kds@chimicles.com
ses@chimicles.com

Annick Marie Persinger
Sabita J. Soneji
**TYCKO & ZAVAREEI LLP**
The Tower Building
1970 Broadway, Suite 1070
Oakland, CA 94612
Telephone: (510) 254-6808
Facsimile: (202) 973-0950
apersinger@tzlegal.com
ssoneji@tzlegal.com

Marc A. Goldich (admitted *pro hac vice*)
Noah Axler (admitted *pro hac vice*)
**AXLER GOLDICH LLC**
1520 Locust Street
Suite 301
Philadelphia, PA 19102
Telephone: (267) 534-7400
Facsimile: (267) 534-7407
mgoldich@axgolaw.com
naxler@axgolaw.com

James E. Miller (CA Bar No. 262553)
Laurie Rubinow
**SHEPHERD, FINKELMAN, MILLER & SHAH, LLP**
65 Main Street
Chester, CT 06412
Telephone: (860) 526-1100
Facsimile: (866) 300-7367

– 8 –
STIPULATED [PROPOSED] FINAL JUDGMENT AND ORDER

jmiller@sfmslaw.com
lrubinow@sfmslaw.com

Nathan Zipperian (admitted *pro hac vice*)
**SHEPHERD, FINKELMAN, MILLER & SHAH, LLP**
1625 N. Commerce Pkwy. #320
Ft. Lauderdale, FL 33326
Telephone: (954) 515-0123
Facsimile: (866) 300-7367
nzipperian@sfmslaw.com

Kolin Tang (CA Bar No. 279834)
**SHEPHERD, FINKELMAN, MILLER & SHAH LLP**
1401 Dove Street
Suite 510
Newport Beach, CA  92660
Telephone: (323) 510-4060
Facsimile: (866) 300-7367
ktang@sfmslaw.com

*Counsel for Plaintiffs and the Denial-Letter Class*

**IT IS SO ORDERED**

Dated: _____, 2020

_____
VINCE CHHABRIA
United States District Judge

– 9 –
STIPULATED [PROPOSED] FINAL JUDGMENT AND ORDER

**APPENDIX A**

| If Judgment Entered on | PREJUDGMENT INTEREST ACCRUED AS OF DATE OF ENTRY OF JUDGMENT | | TOTAL | |
|---|---|---|---|---|
| | **Hoy** | **Bishop** | **Hoy** | **Bishop** |
| **September 8, 2020** | $48.80 | $19.31 | $393.80 | $149.31 |
| **September 15, 2020** | $49.00 | $19.38 | $394.00 | $149.38 |
| **September 22, 2020** | $49.20 | $19.46 | $394.20 | $149.46 |
| **September 29, 2020** | $49.40 | $19.53 | $394.40 | $149.53 |
| **Per diem at 3%** | $0.0286 | $0.01 | | |