**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 16 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RACHEL CONDRY; et al., | No.   20-16823 |
| Plaintiffs-Appellees, | D.C. No. 3:17-cv-00183-VC |
| TERESA HARRIS, | |
| Intervenor-Plaintiff-Appellee, | MEMORANDUM* |
| v. | |
| UNITEDHEALTH GROUP, INC.; et al., | |
| Defendants-Appellants. | |

| | |
|---|---|
| RACHEL CONDRY; et al., | No.   20-16857 |
| Plaintiffs-Appellants, | D.C. No. 3:17-cv-00183-VC |
| TERESA HARRIS, | |
| Intervenor-Plaintiff-Appellant, | |
| v. | |
| UNITEDHEALTH GROUP, INC.; et al., | |
| Defendants-Appellees. | |

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Argued and Submitted July 26, 2021
San Francisco, California

Before:  McKEOWN and NGUYEN, Circuit Judges, and LAMBERTH,** District Judge.

The parties in these cross-appeals challenge six rulings below. After explaining why we have appellate jurisdiction over these cross-appeals, we will address each challenged ruling.

1. We have jurisdiction over these cross-appeals under 28 U.S.C. § 1291. At the time the district court granted in part and denied in part the parties' cross-motions for summary judgment, its ruling was undoubtedly interlocutory. *See Dannenberg v. Software Toolworks Inc.*, 16 F.3d 1073, 1074 (9th Cir. 1994). The same is true of the district court's partial grant and partial denial of the plaintiffs' class-certification motion, as well as the district court's denial of Teresa Harris's motion for permissive intervention. *See Microsoft Corp. v. Baker*, 137 S. Ct. 1702, 1706 (2017); *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 955 (9th Cir. 2009). But after the district court issued those three rulings, the parties resolved all outstanding claims pursuant to a partial settlement agreement. ***See*** The

---

**        The Honorable Royce C. Lamberth, United States District Judge for the District of Columbia, sitting by designation.

2

parties set forth the terms of that agreement in a "Stipulated Proposed Final Judgment and Order," and the district court entered the proposed order as written. By resolving all outstanding claims in the litigation, the parties transformed the three interlocutory rulings into final (and thus appealable) decisions. *See* 28 U.S.C. § 1291.

This case is distinguishable from *Microsoft Corp. v. Baker*, where the Supreme Court held that the court of appeals did not have jurisdiction under § 1291. 137 S. Ct. at 1706–07. Unlike in *Microsoft*, the parties here did not reserve the right to revive the claims dismissed with prejudice if the court of appeals reversed the district court's denial of class certification. *See id.* And because the parties here resolved all claims in the litigation before noting their cross-appeals, exercising jurisdiction over these cross-appeals would not "subvert the balanced solution Rule 23(f) put in place for immediate review of class-action orders." *Id.* at 1707. Thus, because all claims below have been resolved—either by a ruling on the merits from the district court or pursuant to the terms of the partial settlement agreement—and because the parties did not engage in gamesmanship to manufacture appellate jurisdiction, *see Brown v. Cinemark USA, Inc.*, 876 F.3d 1199, 1201 (9th Cir. 2017), we have jurisdiction under 28 U.S.C. § 1291.[1]

---

[1] This is true even though the parties reserved their right to seek attorney's fees. *See Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 202 (1988) (holding that

2. We lack jurisdiction to review Harris's motion for permissive intervention and for intervention as a matter of right. With respect to Harris's motion for permissive intervention, we review the district court's denial for abuse of discretion. *Perry*, 587 F.3d at 955 (citing *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1307 (9th Cir. 1997)). "Absent a finding of abuse of discretion, we must dismiss the appeal for lack of jurisdiction." *Id.* Here, the district court reasonably determined that granting Harris's motion to intervene would unfairly prejudice UnitedHealth Group Inc. ("United"). By the time Harris moved to intervene, the district court had already ruled on the parties' cross-motions for summary judgment. As the district court aptly recognized, adding a new plaintiff at this late stage in the litigation would likely prompt another motion to dismiss, another period for discovery, and more summary judgment motions. The district court's refusal to permit the litigation to continue along that path was hardly an abuse of discretion. We thus lack jurisdiction to review the district court's denial of Harris's motion for permissive intervention. *See id.*

As for Harris's motion to intervene as a matter of right, we lack jurisdiction to review the district court's denial because Harris's appeal of that denial was untimely. The denial of a motion to intervene as a matter of right "must be

---

"an unresolved issue of attorney's fees for the litigation in question does not prevent [a] judgment on the merits from being final").

appealed on an interlocutory basis[.]" *United States v. City of Oakland*, 958 F.2d 300, 302 (9th Cir. 1992). But Harris waited roughly nine months to appeal the district court's denial of her motion. We thus lack jurisdiction to review the denial of her motion to intervene as a matter of right. *See Hamer v. Neighborhood Housing Servs. of Chi.*, 138 S. Ct. 13, 17 (2017); 28 U.S.C. § 2107(a).

3. We affirm the district court's grant of summary judgment to United on Rachel Condry's and Felicity Barber's reimbursement claims (Count 2).[2] The plaintiffs correctly note that the Affordable Care Act requires health insurance issuers to cover comprehensive lactation services in full. *See* 42 U.S.C. § 300gg-13(a)(4) (requiring health-insurance issuers to provide coverage in full for "preventive care and screenings . . . as provided for in comprehensive guidelines supported by the Health Resources and Services Administration"); Women's Preventive Services Guidelines, Health Res. & Servs. Admin., https://www.hrsa.gov/womensguidelines/index.html (last visited Sept. 9, 2021) (determining that "comprehensive lactation support and counseling" is a type of "preventive service"). But as the applicable regulations clarify, plan administrators that offer participants access to *in-network* lactation-services providers are *not* required to cover lactation services that are provided by an *out-of-network* provider. 29 C.F.R.

---

[2] The district court referred to these claims as the "coverage of lactation services claims."

§ 2590.715-2713(a)(3)(i).

At summary judgment, United presented undisputed evidence showing that Condry and Barber sought care from *out-of-network* lactation-services providers even though there were *in-network* lactation specialists located nearby. Accordingly, United has no obligation under the Affordable Care Act to reimburse Condry and Barber for the cost of out-of-network lactation services. United's denial of Condry's and Barber's requests for reimbursement was thus proper, so we affirm the district court's grant of summary judgment to United on Condry's and Barber's reimbursement claims.

4. There is no Article III jurisdiction over Condry's and Barber's full-and-fair-review claims (Count 1).[3] Showing why that is so requires a brief description of the full-and-fair-review claim and its relationship to the reimbursement claim.

While the reimbursement claim challenges United's denial of the plaintiffs' requests for reimbursement, the full-and-fair-review claim challenges the *process* by which United denied those requests. Specifically, the full-and-fair-review claim alleges that United sent the plaintiffs denial letters with cursory and confusing explanations for United's denial of their request for reimbursement. In so doing, the plaintiffs argue, United failed to comply with the claims-processing rules set forth in the Employee Retirement Income Security Act ("ERISA"). Without a clear

---

[3] The district court referred to these claims as the "claims processing claims."

6

reason for the denial, the plaintiffs say, they cannot meaningfully contest the denial, which means that they cannot be reimbursed. Thus, both the full-and-fair-review claim *and* the reimbursement claim are means of obtaining the same desired end: reimbursement from United.

But as explained above, Condry and Barber are not entitled to any reimbursement from United. By seeking out-of-network care when they could have gone to in-network providers, Condry and Barber relieved United of its obligation under the Affordable Care Act to reimburse them. *See* 29 C.F.R. § 2590.715-2713(a)(3)(i); 2 SER 72–73. Thus, a ruling in favor of Condry and Barber on their full-and-fair-review claims and an order directing United to send them a clearer denial letter could not possibly lead to reimbursement.

Put in Article-III-standing terminology, a favorable ruling on Condry's and Barber's full-and-fair-review claims could not redress any concrete injury. *See, e.g.*, *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990) (holding that to support Article III jurisdiction, "a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision"). Indeed, because neither Condry nor Barber is entitled to reimbursement, any harm caused by a confusing denial letter is no more than a "bare procedural violation." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016); *accord TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2213–2214 (2021). And it is

well established that a bare procedural violation of ERISA, "without some concrete interest that is affected by the deprivation," does not satisfy the injury-in-fact requirement of Article III standing. *Spokeo, Inc.*, 136 S. Ct. at 1549 (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 496 (2009)); *see Thole v. U.S. Bank N.A.*, 140 S. Ct. 1615, 1622 (2020) ("There is no ERISA exception to Article III.").

In sum, because a favorable ruling on Condry's and Barber's full-and-fair-review claims could not redress a concrete injury, there is no Article III jurisdiction over those claims. *See id.* We thus vacate the district court's grant of summary judgment to Condry and Barber on their full-and-fair-review claims and remand with instruction to dismiss those claims for lack of standing.

5. The partial settlement agreement mooted Bishop's, Hoy's, and Endicott's full-and-fair-review claims, so we vacate the district court's grant of summary judgment to those plaintiffs on those claims and remand with instruction to dismiss those claims as moot.

After the district court issued its summary-judgment ruling, the parties entered into a partial settlement agreement. Pursuant to that agreement, United agreed to reimburse Hoy and Bishop for the cost of out-of-network lactation services, plus pre-judgment interest. Because Hoy and Bishop brought their full-and-fair-review claims with the aim of getting reimbursed, United's agreement to pay their costs in full is thus an "intervening circumstance" that deprived Hoy and

Bishop of a "personal stake in the outcome" of their full-and-fair-review claim. *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 72 (2013) (quoting *Lewis*, 494 U.S. at 477–78). Their claims are thus moot. *See id.*

The same is true for Endicott's full-and-fair-review claim. As the Stipulated Final Judgment and Order reflects, Endicott agreed to settle her reimbursement claim. As part of that agreement, Endicott dismissed her reimbursement claim with prejudice. Because Endicott has already settled and dismissed with prejudice her reimbursement claim, a clearer denial letter could not lead to reimbursement from United. Thus, the partial settlement agreement mooted Endicott's full-and-fair-review claim as well.

When a claim becomes moot during the course of the litigation, the established practice is "to reverse or vacate the judgment below and remand with a direction to dismiss." *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39 (1950). Accordingly, we vacate the district court's grant of summary judgment to Hoy, Bishop, and Endicott on their full-and-fair-review claims and remand with instruction to dismiss those claims as moot.

6. We reverse the district court's grant of class certification to the Denial Letter Class and dismiss the Denial Letter Class claim. Though we have concluded that all the named plaintiffs' individual full-and-fair-review claims must be dismissed for lack of standing or mootness, this conclusion is not necessarily fatal

to the Denial Letter Class claim. Where, as here, a named plaintiff's claims become moot *after* a class was certified, the mooting of her individual claim will not result in dismissal of the class claim so long as the class was properly certified. *See Franks v. Bowman Transp. Co., Inc.*, 424 U.S. 747, 753–57 (1976). Accordingly, to determine whether the Denial Letter Class claim may proceed, we must consider on the merits whether the district court properly certified the Denial Letter Class.

It did not. By focusing exclusively on the remark codes used in United's denial letters, the district court applied the incorrect legal standard for determining whether United complied with ERISA's claims-processing rules. *See* 29 U.S.C. § 1133. Under our precedent, courts must consider the *entire* course of communication between the plan administrator and the plan participant to determine whether the denial letter provided a sufficiently clear reason for the denial. *See, e.g.*, *Harlick v. Blue Shield of Cal.*, 686 F.3d 699, 720 (9th Cir. 2012) (considering "extensive communication" between insured, insured's mother, and insurance provider in determining whether insurance provider provided a specific reason for the denial); *Saffon v. Wells Fargo & Co. Long Term Disability Plan*, 522 F.3d 863, 870–71 (9th Cir. 2008) (considering reports sent to insured's medical provider in conjunction with the termination letters).

Under this legal standard, class certification of the Denial Letter Class was

improper. Given the individualized inquiry required to evaluate the sufficiency of the denial letters, the class representatives' claims are not typical of the class members' claims. *See* Fed. R. Civ. P. 23(a)(3). Thus, because there is no typicality, certification of the Denial Letter Class was an abuse of discretion. *See id.* And because the Denial Letter Class was not properly certified before the partial settlement agreement mooted Bishop's, Hoy's, and Endicott's claims, the class claim must also be dismissed as moot. *See U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 404 (1980).

7. Because certification of the Denial Letter Class was an abuse of discretion, and the full-and-fair-review class claim thus must be dismissed as moot, we vacate the district court's grant of permanent injunctive relief in favor of the Denial Letter Class.

8. We dismiss the Claims Reprocessing Class claim as moot. Though all the named plaintiffs' individual reimbursement claims either lack standing or are moot, the mooting of a named plaintiff's individual claim *after* the denial of class certification will not result in dismissal of the class claim, so long as the denial of class certification is reversed on appeal. *Id.* Here, however, the Claims Reprocessing Class claim must be dismissed as moot because the district court's denial of class certification was not an abuse of discretion. As the district court correctly recognized, United did not take a uniform approach to resolving claims

11

for out-of-network comprehensive lactation services. The claims of the named plaintiffs thus are not typical of the claims of the class, as they must be for class certification. *See* Fed. R. Civ. P. 23(a)(3). Accordingly, because the district court properly denied class certification to the Claims Reprocessing Class before Bishop's, Hoy's, and Endicott's claims became moot, the class claim must also be dismissed as moot. *See Geraghty*, 445 U.S. at 404.

\* \* \*

In sum, we **DISMISS** Teresa Harris's appeal of the district court's denial of her motion to intervene; **AFFIRM** the district court's grant of summary judgment to United on Rachel Condry's and Felicity Barber's reimbursement claims (Count 2); **VACATE AND REMAND** the district court's grant of summary judgment to Rachel Condry and Felicity Barber on their full-and-fair-review claims (Count 1) with instruction to dismiss those claims for lack of standing; **VACATE AND REMAND** the district court's grant of summary judgment to Jance Hoy, Laura Bishop, and Christine Endicott on their full-and-fair-review claims (Count 1) with instruction to dismiss those claims as moot; **VACATE** the district court's grant of class certification to the Denial Letter Class and **REMAND** with instruction to dismiss the Denial Letter Class claim as moot; **VACATE** the permanent injunctive relief awarded to the Denial Letter Class; and **REMAND** with instruction to dismiss the Claims Reprocessing Class claim as moot. Each party shall bear its

12

own costs.